<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**


ALDOLPHUS B. KING, JR.,          :
                                 :  Civil Action No. 08-6294 (KSH)
              Plaintiff,         :
                                 :
                                 :
          v.                     :  **OPINION**
                                 :
THOMAS MONOHAN, JR., ESQ.,       :
et al.,                          :
                                 :
              Defendants.        :


**APPEARANCES:**

    ALDOLPHUS B. KING, JR., Plaintiff <u>pro se</u>
    P.O. Box 326
    Hackensack, New Jersey 07602-0326

**HAYDEN**, District Judge

    Plaintiff, Aldolphus B. King, Jr., a state inmate confined at the Bergen County Jail in Hackensack, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to file the Complaint.[1]

_____

    [1] It appears that plaintiff has since been released from the Bergen County Jail.  On June 16, 2009, this Court received a notice of change of address from plaintiff indicating that plaintiff is no longer confined at the Bergen County Jail.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed in its entirety at this time.

I.  <u>BACKGROUND</u>

Plaintiff, Aldolphus B. King, Jr. ("King"), brings this civil action against the following defendants: Thomas Monohan, Jr., Esq.; Fred Swanwede, Esq., Prosecutor with the Bergen County Prosecutor's Office; Judge Patrick O. Roma; Dmitri Primak, M.D.; Mary Bartholemew, A.D.N. Integrated Case Management; Thomas Bores; and Robert Bigott.  (Complaint, Caption, ¶¶ 4b, 4c and Statement of Facts).[2]  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

**<u>Mary Bartholemew</u>**  King sets forth a list of interactions between him and Bartholemew from March 25, 2007 to January 24, 2008.  First, he alleges that, on March 25, 2007, Bartholemew

---

[2]  King also named Daniel Bauer, Aramark and Aroma in his handwritten caption of his Complaint, but he asserts no allegations of wrongdoing by these three defendants.  Therefore, the Complaint will be dismissed in its entirety as against these defendants.

accompanied him to the Welfare office to apply for benefits, and
on April 6, 2007, Bartholemew went with plaintiff to the Social
Security office to reapply for disability.  On May 24, 2007,
Bartholemew came to King's place of employment to take him to an
appointment with a Marina Greenberg.  She also scheduled an
appointment for King to see an attorney with the Community Health
Law Project on June 12, 2007.  The appointment allegedly led to
plaintiff's job termination.  On July 2, 2007 Bartholemew went to
plaintiff's residence in Trenton and spoke with his girlfriend
about his whereabouts and progress.  On July 10, 2007,
Bartholemew submitted a status report on King to the prosecutor
Fred Swanwede.  On August 1, 2007, Bartholemew met King at the
Trenton train station for transport to the Bergen County Jail.
On September 15, 2007, King met with Bartholemew at the
Birmingham Clinic during a session.  On January 24, 2008,
Bartholemew met with King to discuss reopening his case and
arranged for a therapy session for January 20, 2008.  King was
incarcerated on January 26, 2008.

   **Dr. Dmitri Primak**  Dr. Primak is a psychiatrist at the
Bergen Regional Medical Center ("BRMC").  In August 2005, King
was incarcerated and transferred to the BRMC based on an
assessment of schizophrenia and bi-polar type IV disorder.  He
was administered 15 mg. daily of the drug *Abilify*, and 1000 mg.
daily of *Neurontin*.  On September 15, 2005, King was released

from BRMC contingent upon the "APH" program.[3]  King was arrested
again and admitted to the BRMC on February 14, 2006.  He was
prescribed *Abilify* and *Thorazine*.  King claims that his mental
status was assessed during his relapse in October 2005, and he
was administered high amounts of *Abilify* that purportedly caused
neurological damage.  On March 27, 2006, Dr. Primak co-signed a
report for King's transfer to the Greystone Park Psychiatric
Hospital.  Dr. Primak had an impromptu meeting with plaintiff on
April 2, 2008 to verify King's mental health status.

**Fred Swanwede, Esq.**  Swanwede is a prosecuting attorney
with the Bergen County Prosecutor's Office.  King alleges that,
on August 10, 2005, Swanwede co-signed a warrant for King's
violation of probation.  On September 10, 2005, Swanwede argued
for plaintiff's continued care in the APH program based on
doctor's recommendation.  On March 20, 2006, Swanwede requested
King's long-term psychiatric care at Greystone Park Psychiatric
Hospital based on the doctor's report.  On October 16, 2006,
after King's relapse, Swanwede requested that plaintiff be placed
in the short term facility, Turning Point.  On February 28, 2007,
he requested King's transfer to the Last Chance recovery program
in Trenton, New Jersey.  King alleges that his KROL hearing was
delayed for 90 days on July 17, 2007.  A detainer was issued on

---

[3] King does not identify the "APH" program, and provides
only the initials of the program.

June 27, 2008 for indictment #040903001, and Swanwede co-signed a warrant for violation of probation on July 18, 2008.  A court date on August 1, 2008 was canceled and a hearing was set for February 29, 2009, on indictment #040903001.

**Thomas Monohan, Esq.**  Monohan was a private attorney retained by plaintiff.  From August 10, 2005 through February 29, 2009, King alleges that his counsel co-signed a warrant for his violation of probation, argued for King's continued care in the APH program, long-term care at Greystone Park Psychiatric Hospital, short-term care at Turning Point, and transfer to the Last Chance Recovery program.  On July 18, 2008, Monohan made a motion to be removed as counsel after he allegedly spoke "quite tersely" with plaintiff about his representation and invoices on July 16, 2008.  King complains that counsel canceled two court dates on June 13, 2008 and August 1, 2008.  On February 29, 2009, Counsel "mentioned [a] plea despite status and understanding of plaintiff thereof."  Prison time purportedly was "threatened based on consecutive violations due to miscommunication."

**Thomas Bores**  Bores is a clerk at the Bergen County Jail Law Library.  From March 20, 2008 through August 24, 2008, King alleges various activities performed by Bores with respect to King's use of the law library.  Bores co-signed an isolation order for 72 hours based on suspicion that King was a carrier of an infectious disease.  It appears that Bores drafted letters on

King's behalf in July and August 2008.  On August 7, 2008, King
alleges that Bores told him he would "personally assess civil
servant's status."  On August 24, 2008, Bores drafted a letter
withdrawing from Project Rebound based on rumor that King is
under Megan's Law.

   **Robert Bigott**   King states that Bigott is the Warden at
Bergen County Jail.  King alleges that, on February 29, 2008,
Bigott ordered a psychiatric evaluation.  On April 2, 2008,
Bigott ordered that King be transferred to BRMC for evaluation by
Dr. Primak.  On June 20, 2008 and August 8, 2008, Bigott
allegedly canceled court dates.  On June 27, 2008, Bigott
assigned a detainer for indictment #040903001.  On July 11, 2008,
Bigott allegedly accepted two motions on behalf of King: (1)
motion by counsel to be relieved from representing plaintiff, and
(2) motion for probation to be dropped.

   **Judge Patrick J. Roma**   King alleges the following against
Judge Roma, a state court judge with the Superior Court of New
Jersey, Bergen County.  On August 10, 2005, Judge Roma issued a
warrant for plaintiff's refusal to receive *Prolixin* injection.
At a September 10, 2005 hearing, the judge ordered King's
continued care at a program in the BRMC.  He also ordered King's
long-term psychiatric care at Greystone Park Psychiatric Hospital
on March 20, 2006.  On October 16, 2006, Judge Roma ordered
King's short-term care at Turning Point due to plaintiff's
relapse.  On January 24, 2007, Judge Roma allowed plaintiff to

participate in an adult-partial trial program in Clifton, New Jersey, based on King's completion of the Turning Point program. On February 28, 2007, Judge Roma allowed King to attend the Last Chance Recovery program.  On July 17, 2007, an initial hearing was scheduled for King's program, and the judge issued a warrant for King's failure to appear.  The decision purportedly was based the program's and Bartholemew's refusal to attend.  On August 1, 2008, Judge Roma issued another warrant for failure to appear based on a letter written by Bartholemew.

King seeks an unspecified amount of punitive damages for himself and his family.  He also seeks to have his civil service and military status reinstated.  (Complaint at ¶ 7).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  See also Erickson, 127 S.Ct. at 2200 (In a pro se prisoner civil rights complaint, the Court reviewed

8

whether the complaint complied with the pleading requirements of
Rule 8(a)(2).  Specific facts are not necessary; the statement
need only "'give the defendant fair notice of what the ... claim
is and the grounds upon which it rests.'" Bell v. Atlantic Corp.
v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson,
355 U.S. 41, 47 (1957) (ellipses in Twombly).  However, where a
complaint can be remedied by an amendment, a district court may
not dismiss the complaint with prejudice, but must permit the
amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston
v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied
notice pleading requirement that it contain short, plain
statement of the claim but lacked sufficient detail to function
as a guide to discovery was not required to be dismissed for
failure to state a claim; district court should permit a curative
amendment before dismissing a complaint, unless an amendment
would be futile or inequitable); Grayson v. Mayview State
Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to
28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17
(3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1));
Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d
Cir. 1996).

### III.  SECTION 1983 ACTIONS

Plaintiff does not assert any jurisdictional basis for
bringing this Complaint in federal court, although he does
broadly allege a violation of his civil rights.  Accordingly,

this Court will construe this action as purporting to be brought under 42 U.S.C. § 1983.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

### A.  Claim Against Prosecutor Swanwede

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  Burns v. Reed, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur

in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function. See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence). See also Yarris v. County of Delaware, 465 F.3d 129 (3d Cir. 2006)(where the Court of Appeals for the Third Circuit presents a detailed and nuanced analysis of when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution, holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately destroying highly exculpatory evidence, but is entitled to immunity for making the decision to deliberately withhold exculpatory evidence before and during trial, but not after the conclusion of adversarial proceedings).

Here, King's allegations against Swanwede appear to fall within the scope of prosecutorial duties in initiating and pursuing a criminal prosecution against plaintiff.  Indeed, there are no allegations that Swanwede acted outside the scope of his prosecutorial role, and this Court is hard-pressed to find any allegation of wrongdoing or prosecutorial misconduct of any kind.  Therefore, the Complaint against defendant Swanwede is subject to dismissal for failure to state a claim.

B.  <u>Claim Against Judge Roma</u>

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity.  <u>See</u> <u>Mireless v. Waco</u>, 502 U.S. 9 (1991).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  <u>Id</u>., 502 U.S. at 11 (*citing* <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction
> are not liable to civil actions for their judicial acts,
> even when such acts are in excess of their jurisdiction,
> and are alleged to have been done maliciously or corruptly.

<u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978); <u>see also</u> <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be overcome only for actions not taken in a judicial capacity, <u>id</u>., or for actions taken in a complete absence of all jurisdiction.  <u>Mireless</u>, 502 U.S. at 11-12.  Allegations that actions were undertaken with an improper motive diminishes neither their

12

character as judicial actions nor the judge's immunity.  <u>See</u>
<u>Forrester v. White</u>, 484 U.S. 219, 227 (1988).

Again, King fails to assert any allegations against Judge
Roma that would show that he acted outside his judicial capacity.
King's allegations pertain to Judge Roma's presiding over King's
many hearings.  These allegations clearly involve only court-
related matters occurring during those state court proceedings.
Consequently, King has failed to allege any actionable claim
against Judge Roma.  There are no allegations to suggest that
Judge Roma acted beyond the scope of his judicial authority, or
in the complete absence of all jurisdiction.  Therefore,
defendant, Judge Roma, is absolutely immune from liability, and
the Complaint will be dismissed with prejudice as against him.

C.   <u>Claim Against Monohan</u>

Next, King names his privately retained counsel Thomas
Monohan, Jr., Esq. as a defendant.  King's allegations against
Monohan are sketchy, but it appears that he may be alleging a
claim of ineffective assistance of counsel during his state
criminal proceedings in violation of the Sixth Amendment.

King's claim against Monohan is not actionable at this time
in a § 1983 action.  First, Monohan is not subject to liability
under § 1983 because he is not a state actor.  As a privately
retained lawyer, Monohan "does not act under color of state law
when performing a lawyer's traditional functions as counsel to a
defendant in a criminal proceeding."  <u>Polk Co. v. Dodson</u>, 454

13

U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client).

Moreover, even if King had pleaded facts establishing that his attorney is acting under color of state law, any claim concerning a violation of plaintiff's right to effective assistance of counsel must first be raised in plaintiff's ongoing state criminal proceedings.  A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

To the extent that King's criminal trial is no longer pending, and he has been convicted and sentenced on any state charges, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel.  Preiser v. Rodriguez, 411 U.S. 475 (1973).

Therefore, plaintiff's Complaint asserting any liability of defendant Monohan under § 1983, as to an ineffective assistance

of counsel claim, must be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. § 1915A(b)(1).[4]

D.  Claim Against Dr. Primak

King appears to allege that Dr. Primak over-medicated plaintiff in October 24, 2005, resulting in neurological damages. There are no other claims of wrongdoing that would rise to the level of a constitutional violation under § 1983.  This Court finds that King's claim against Dr. Primak is subject to dismissal on two grounds.

First, King fails to state a cognizable claim for relief under § 1983.  King's claim against Dr. Primak sounds in medical negligence, not deliberate indifference or excessive conduct that could be construed as punishment.[5]  Claims of medical negligence or disagreements as to medical care provided are not actionable

_____

[4]  King names Daniel Bauer as a defendant in this matter, but only alleges that Bauer is a public defender who represented King in a 2003 state criminal matter.  He makes no other allegations or claims against Bauer.  However, even if this Court were to construe a claim of ineffective assistance of counsel, the Complaint is subject to dismissal as against Bauer for all of the reasons set forth in this section C, supra.

[5]  It does not appear that King is a convicted state prisoner, therefore, his claim would not be analyzed under the Eighth Amendment, but rather, the Fourteenth Amendment.  See Hubbard v. Taylor, 399 F.3d 150, 158-63 (3d Cir. 2005).  See also Montgomery v. Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, 441 U.S. 520 (1979) ...; i.e. whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of  guilt....") (citing Hubbard, 399 F.3d at 158).  In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees.  399 F.3d at 165-67.

under § 1983.  See Farmer v. Brennan, 511 U.S. 825, 837-38
(1994)("deliberate indifference" is more than mere malpractice or
negligence; it is a state of mind equivalent to reckless
disregard of a known risk of harm); White v. Napoleon, 897 F.2d
103, 110 (3d Cir. 1990); Inmates of Allegheny County Jail v.
Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and
citation omitted)("Courts will disavow any attempt to second-
guess the propriety or adequacy of a particular course of
treatment ... [which] remains a question of sound professional
judgment").  Therefore, King's claim against Dr. Primak should be
dismissed for failure to state a cognizable claim under § 1983.[6]

Secondly, this Court finds that, even if King did have a
cognizable § 1983 claim, it would be time-barred.  A court may

---

[6] Moreover, this Court finds that no diversity jurisdiction
exists in this matter if King's claim was construed as a medical
negligence claim under state law.  King can bring such common law
claims in federal district court pursuant to 28 U.S.C. § 1332(a),
if the matter in controversy exceeds the sum or value of $75,000,
and is between citizens of different states.  It has long been
recognized that, to found jurisdiction upon § 1332, there must be
complete diversity among all parties, i.e., each plaintiff must
be a citizen of a different state from each defendant.  Owen
Equipment and Erection Co. V. Kroger, 437 U.S. 365 (1978).  In
particular, if a sole plaintiff and any one of several defendants
are citizens of the same state, complete diversity is lacking and
the action would have to be dismissed for lack of jurisdiction.
Id.
   Here, there does not appear to be diversity of jurisdiction
between King and Dr. Primak.  King shows a New Jersey residence
and Dr. Primak works in New Jersey where the incident occurred.
These facts suggest that defendant likely resides in the State of
New Jersey.  Therefore, because complete diversity appears to be
lacking, the Court has no subject matter jurisdiction over any
state law claim that may be construed from the Complaint against
this defendant, pursuant to 28 U.S.C. § 1332(a).  Even if King
could show diversity, however, the medical negligence claim
appears to be time-barred as explained infra.

dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.  See e.g., Jones v. Bock, 127 S.Ct. 910, 920-21 (2007)(if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").  See also, Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hunterson v. DiSabato, 2007 WL 1771315 (3d Cir. 2007)("district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run")(citing Jones v. Bock, Pino v. Ryan)(not precedential); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone

v. United States, 980 F. Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).  The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

   "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007)(emphasis in original).  A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982).  See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996)(citing Oshiver, 38 F.3d at 1386).

   Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v.

<u>Garcia</u>, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims.  <u>See</u> <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); <u>Cito v. Bridgewater Township Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  <u>Cito</u>, 892 F.2d at 25; <u>accord</u> <u>Brown v. Foley</u>, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  <u>Wilson v. Garcia</u>, 471 U.S. at 269.

Here, according to the allegations of his Complaint, King's claim accrued in October 2005.  The Complaint is dated August 8, 2008, although it was not received in this Court until December 22, 2008, almost three years later.  King alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.[7]  Nor

---

[7]  New Jersey statutes set forth certain bases for "statutory tolling."  <u>See</u>, <u>e.g.</u>, N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

does plaintiff plead ignorance of the law or the fact of his confinements (neither excuse being sufficient to relax the statute of limitations bar in this instance) as the basis for delay in bringing suit.  In fact, King is completely silent with respect to the fact that his Complaint has been submitted out of time.  King has not offered any explanation for his lack of diligence in pursuing his claim for more than a year after it had expired.  This omission strongly militates against equitable tolling of the statute of limitations.  Therefore, the Court finds that King's claim against Dr. Primak is time-barred and must be dismissed with prejudice.

---

See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.
     When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:
        (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

E.  Claims Against Bartholemew, Bores, and Bigott

     Finally, King alleges claims against Mary Bartholemew, Thomas Bores, and Robert Bigott, but fails to set forth any factual allegations of wrongdoing that would rise to the level of a constitutional violation sufficient to state a cognizable claim under § 1983.  Therefore, the Complaint should be dismissed without prejudice as against these individual defendants for failure to state a claim at this time.

V.   CONCLUSION

     Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety, as against defendants, Judge Roma and Prosecutor Swanwede, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).  Additionally, the Complaint will be dismissed without prejudice, as against defendants, Bartholemew, Bauer, Monohan, Bores, Bigott, Aramark and Aroma for failure to state a claim at this time, under 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, the Complaint will be dismissed with prejudice as against Dr. Primak for failure to state a cognizable claim under § 1983, and because any § 1983 claim or state law claim is now time-barred.  An appropriate order follows.


                              /s/ Katharine S. Hayden
                              KATHARINE S. HAYDEN
                              United States District Judge
Dated: 7/31/09

21